UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1 8 3 6

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Magistrate Case No._____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| **Jose Martin CERVANTES-Gomez** ) | Attempted Entry After |
| **AKA: Jose Martin CERVANTES-Galvan** ) | Deportation |
| ) | |
| Defendant. ) | |
| _____) | |

The undersigned complainant being duly sworn states:

On or about **June 11, 2008**, within the Southern District of California, defendant **Jose Martin CERVANTES-Gomez AKA: Jose Martin CERVANTES-Galvan**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this **13th** day of **June, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On June 11, 2008 at approximately 8:51 PM, **Jose Martin CERVANTES-Gomez AKA: Jose Martin CERVANTES-Galvan (Defendant)** attempted to enter the United States via the vehicle primary lanes at the San Ysidro, California Port of Entry. Defendant was discovered concealed in the spare wheel space located inside the trunk of a stolen red, 1994 Ford Taurus driven by Mark Anthony GUSHI. A United States Customs and Border Protection (CBP) Officer discovered Defendant during primary inspection and escorted the vehicle and its occupants to secondary for further inspection.

In Secondary, Defendant was queried by 10-digit fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying Defendant as a deported alien and citizen of Mexico. Defendant was also linked to FBI and Immigration Service records.

Immigration Service records checks; including the Deportable Alien Control System (DACS) identify Defendant as a deported alien. DACS information indicates that on or about September 8, 1999, Defendant was issued a Final Administrative Removal Order and removed from the United States to Mexico on March 14, 2001 via the Calexico, California Port of Entry. DACS information indicates that Defendant was last physically removed from the United States on or about February 20, 2008. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. Defendant admitted he is a citizen of Mexico by birth in Michoacán, Mexico. Defendant admitted he has been previously deported from the United States and removed to Mexico on three separate occasions. Defendant admitted he does not have official authorization to enter, remain or be employed in the United States. Defendant admitted he has not applied for or received permission from the United States government to legally re-enter the United States. Defendant admitted he was going to Long Beach, California to reside and seek employment.